UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TEMIKA L. COLEMAN | ) | |
| | ) | |
| v. | ) | No. 2:17 CR 37 |
| | ) | (related to No. 2:20 CV 195) |
| UNITED STATES OF AMERICA | ) | |

## OPINION and ORDER

Temika Coleman has filed a motion (DE # 157) challenging her sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, Coleman's motion will be denied.

I.   BACKGROUND

On March 16, 2017, Coleman and her co-defendants were charged in a 32-count indictment with committing wire fraud, mail fraud, aggravated identity theft, possession of counterfeit and unauthorized access devices, and possession of device-making equipment, in violation of 18 U.S.C. §§ 1343, 1341, 1028A, 2, and 1029(a)(3)-(4). (DE # 1.) On June 1, 2018, Coleman entered into a plea agreement with the Government. (DE # 64.) Coleman's plea agreement states:

> I understand the maximum possible penalties that may be imposed upon me are as follows:
>
> | Count | Prison | Supervised Release | Fine |
> |---|---|---|---|
> | 11 | 20 years | 3 years | $250,000 |
> | 20 | 20 years | 3 years | $250,000 |
> | 24 | 2 years Mandatory, Consecutive | 1 year | $250,000 |

(*Id.* at 4.)

On June 7, 2018, this court held Coleman's change of plea hearing. (DE # 71.) During the hearing, Coleman confirmed that she had read and fully discussed the contents of her plea agreement with her lawyer before she signed it and she fully understood the contents of the plea agreement. (DE # 160 at 7.) She repeatedly confirmed that no one had made her any promise or assurance that was not contained in the plea agreement. (*Id.* at 7-8.) She confirmed that she understood that the agreements in Paragraph 7 were only recommendations to the court, and that the court was free to reject those recommendations and impose a sentence upon her that was more or less severe than what she might anticipate. (*Id.* at 8.) Coleman confirmed that she understood that the sentence that the court ultimately imposed may be different from any estimate that her lawyer or anyone else had provided her. (*Id.* at 11-12.) She confirmed that she understood that any sentence imposed for Count 24 must run consecutively to any other term of imprisonment imposed upon her, and that she could receive a sentence of up to 42 years' incarceration. (*Id.* at 9-11.) Coleman agreed that she was pleading guilty because she is, in fact, guilty, and she agreed that the facts set forth by the Government as the factual basis for her plea were all true. (*Id.* at 9, 18-19.) Finally, Coleman confirmed that she did not have any questions about anything the court discussed with her during the plea hearing, and that she fully and completely understood everything that had been discussed. (*Id.* at 22.)

On October 24, 2019, this court accepted Coleman's plea of guilty, and sentenced her to 97 months' imprisonment on Counts 11 and 20, to be served concurrently with

each other, and 24 months' imprisonment on Count 24, to be served consecutively to the term imposed on Counts 11 and 20, to the extent necessary to produce a total term of imprisonment of 121 months. (DE ## 132-133.) She was also sentenced to a term of supervised release and ordered to pay restitution. (*Id.*)

Coleman now moves to vacate her sentence, on the ground that she received ineffective assistance of counsel. (DE # 157.) Coleman makes several arguments regarding her attorney's performance. (*Id.* at 4.) She claims that counsel encouraged her to sign a plea agreement that she "did not agree with," told her that she would receive a sentence of time-served or less than five years' imprisonment, and did not advise her that there was a two-year statutory minimum term of imprisonment for Count 24 that must be served consecutively to any other term of imprisonment. (*Id.*) She also claims that counsel did not inform her of all of her options, rarely visited her, and that she had to contact her probation officer for information that her counsel should have provided. (*Id.*) Finally, Coleman claims that her counsel withdrew several valid objections without her approval, was not attentive during her sentencing, and did not address her mental state after the murder of her son. (*Id.*)

## II.   LEGAL STANDARD

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. 28 U.S.C. § 2255(a). Rule 4 of the Rules Governing § 2255 Proceedings requires the court to promptly examine the motion. "If it plainly

3

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 Rule 4(b).

### III.   DISCUSSION

   *A.   Preliminary Matters*

There are two preliminary matters that warrant discussion before the court proceeds to the merits of Coleman's motion. First, Coleman's plea agreement contained an appeal waiver. (DE # 64 at 7.) "Appeal waivers in plea agreements are typically enforceable. However, for an appeal waiver to bar review, the issue appealed 'must fall within its scope.'" *United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014) (internal citations omitted). Here, Coleman's plea agreement states that she agrees to waive her right to appeal her sentence and conviction "on any ground other than a claim of ineffective assistance of counsel[.]" (*Id.*) Because Coleman presently makes a claim of ineffective assistance of counsel, her claim is outside the scope of her appeal waiver and this court may consider her motion.

Second, the court finds that Coleman's motion may be resolved without holding an evidentiary hearing. "The court should grant an evidentiary hearing on a § 2255 motion when the petitioner 'alleges facts that, if proven, would entitle him to relief.'" *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (internal citations omitted). However, where a petitioner has failed to present facts necessary to substantiate her ineffective assistance claim, she cannot meet the threshold requirement for entitlement

4

to an evidentiary hearing, and a district court may properly deny such a motion. *Fuller v. United States,* 398 F.3d 644, 652 (7th Cir. 2005). An evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or if the petitioner's allegations are "vague, conclusory, or palpably incredible." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015); *see also* 28 U.S.C. § 2255(b). Coleman has not presented facts that, if proven, would entitled her to relief. Thus, Coleman is not entitled to an evidentiary hearing.

      B.     *Ineffective Assistance Standard*

Claims for ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

To satisfy the first element of the *Strickland* test, the deficient performance prong, "a petitioner must show that the representation his attorney provided fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (internal citation omitted). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*,

5

562 U.S. 86, 104 (2011) (internal citation omitted).

To satisfy the second element of the *Strickland* test, the prejudice prong, a petitioner must establish that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Strickland*, 466 U.S. at 694. "This does not mean that the defendant must show that counsel's deficient conduct more likely than not altered the outcome in the case. Rather, a reasonable probability is a probability sufficient to undermine confidence in the outcome, which in turn means a substantial, not just conceivable likelihood of a different result." *Harris v. Thompson*, 698 F.3d 609, 644 (7th Cir. 2012) (internal citations and quotation marks omitted).

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance prong is the same as that outlined in *Strickland*. *Id.* "In the plea-bargaining context, 'we have noted that a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty.'" *Spiller v. United States*, 855 F.3d 751, 755 (7th Cir. 2017) (internal citation omitted).

To establish prejudice in a case where the petitioner challenges his assistance of counsel regarding his decision to plead guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. *See also Morales v.*

6

*Boatwright*, 580 F.3d 653, 663 (7th Cir. 2009). "[T]he petitioner must do more than simply allege 'that he would have insisted on going to trial'; he must also come forward with objective evidence that he would not have pled guilty. Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (internal citation omitted).

Courts begin with the presumption that counsel's performance was not constitutionally deficient, and the petitioner did not suffer prejudice. *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir.), *cert. denied*, 139 S. Ct. 654 (2018). A petitioner's "failure to establish either element of the *Strickland* framework will result in denial of his claim." *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

    C.    *Plea Agreement*

A number of Coleman's present claims for ineffective assistance of counsel directly contradict her sworn statements made during her change of plea hearing. Coleman argues that she "did not agree with" the plea agreement, and only entered the agreement because counsel led her to believe that she would be sentenced to either time-served or less than five years' imprisonment. She also claims that she did not know that Count 24 carried a two-year statutory minimum term of imprisonment that must be served consecutively to any other term of imprisonment. However, during her

7

plea hearing Coleman confirmed that she read and fully understood the terms of her plea agreement, and her plea agreement explicitly states that there is a mandatory, consecutive two-year term of imprisonment for Count 24. Moreover, during the hearing the court informed her that any term of imprisonment imposed for Count 24 must be served consecutively. The court also discussed the maximum possible penalties with Coleman, who stated that she understood these penalties and understood that the sentence imposed may be different than any estimate she was given by her counsel. She agreed under oath that she was not pleading guilty based on any promises or assurances made outside of her plea agreement.

Coleman's case is similar to that in *Bethel v. United States*, 458 F.3d 711 (7th Cir. 2006). In *Bethel*, the Seventh Circuit rejected a petitioner's claim that his attorney provided ineffective assistance by failing to warn him, prior to entering a plea agreement, that he would be sentenced as a career offender. *Id.* at 712. In rejecting the petitioner's claim, the Seventh Circuit emphasized the importance of the exchanges between the district court and the petitioner during the change of plea hearing. *Id.* at 718. During the hearing, the court "informed Bethel in six or seven different ways that he could not rely on any particular predictions or discussions about a possible sentence when he entered his plea." *Id.* Thus, by confirming that he understood and still wanted to plead guilty, the petitioner "was affirming that his guilty plea was not made in reliance of a particular sentence. He cannot now be heard to complain that he would not have pled guilty if he had known his sentence would be more severe than his lawyer

8

predicted. He specifically disclaimed that risk at his change of plea hearing." *Id.* This was true in spite of the fact that his attorney's prediction was "mistaken by a considerable margin." *Id.* at 719. The Court noted, "[t]hat margin might give us pause if Bethel had not repeatedly insisted at his plea hearing that he was not relying on a particular sentence in entering his plea." *Id.*

Coleman's ineffective assistance claim fails for the same reasons identified in *Bethel*. Given her sworn statements during her plea hearing, she cannot now claim that she did not know the consequences of her plea agreement. "Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [the defendant] to renege on his representation under oath to the district court that there were no promises made to him to induce his guilty plea." *Hutchings*, 618 F.3d at 699.

The objective evidence demonstrates that Coleman understood the consequences of her plea and nevertheless wished to plead guilty. Thus, she has not established that she was prejudiced by these alleged deficiencies in her counsel's performance. She has also failed to establish prejudice because she has not presented any objective evidence that she would not have pled guilty absent her counsel's alleged errors, and there is no evidence in the record to support such a finding. *See Hutchings*, 618 F.3d at 697.

D. *Other Allegations*

Coleman's remaining claims are too vague and underdeveloped to entitle her to either relief or further proceedings. She alleges that counsel: rarely visited her in jail; did not address her mental state after her son was murdered; withdrew several valid

9

objections without her prior approval; was inattentive during her sentencing; did not inform her of her "options," and could not provide her with information, so she had to request information from her probation officer.

Coleman has not sufficiently alleged either deficient performance or prejudice regarding these claims. She does not identify what options or objections her counsel failed to discuss with her. With respect to the murder of her son, this occurred after Coleman committed the crimes at issue in this case. In the defense's sentencing memorandum, counsel addressed the mental toll Coleman's son's death had on her. (DE # 113 at 3.) Coleman does not explain what she believes counsel should have done differently. Moreover, Coleman has not alleged how any of these shortcomings prejudiced the outcome of her case. In short, she has failed to allege facts that, if proven, would entitle her to relief. *See Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017) (petitioner could not proceed on ineffective assistance claim where petitioner failed to allege facts sufficient to support claim).

### E. *Certificate of Appealability*

Pursuant to Section 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S.

322, 337-38 (2003). The court thoroughly discussed the controlling case law on the issue at hand and finds that the conditions for the issuance of a certificate of appealability are not present in this case. Therefore no certificate will issue.

## IV.    CONCLUSION

For these reasons, it "plainly appears from the face of the motion . . . and the prior proceedings in the case" that Coleman is not entitled to relief, and thus this court is required to dismiss her § 2255 motion pursuant to Section 2255 Habeas Corpus Rule 4. Accordingly, Coleman's motion to vacate (DE # 157) is summarily **DENIED** and **DISMISSED**. The court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** dismissing the collateral civil proceeding (2:20 CV 195) with prejudice, and to give notice to Coleman.

                                                     **SO ORDERED.**

Date: June 19, 2020

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT